1
2
3
4
5
6
7
8             **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   AURORA LOAN SERVICES LLC,              )  Case No.: 1:11-cv-00605 LJO JLT
                                            )
12                                          )
                          Plaintiff,        )  FINDINGS AND RECOMMENDATIONS TO
13                                          )  REMAND THE MATTER TO THE KERN
         v.                                 )  COUNTY   SUPERIOR   COURT   AND   TO
14                                          )  DISMISS THE MATTER
     CHUCK  KIMBLE  AND  HELENE  KIMBLE,    )
15                                          )
                                            )
16                        Defendants.       )
                                            )
17   _____

18          Currently before the Court is a motion to remand this action to the Kern County Superior

19   Court, filed by Aurora Loan Services LLC ("Plaintiff") on April 14, 2011.  (Doc. 4.)  For the

20   following reasons, the Court recommends the motion to remand be **GRANTED**.

21   **I.  Factual and Procedural History**

22          Plaintiff purchased real property described as 725 West Coral Avenue, Ridgecrest, California

23   93555 at a foreclosure sale on December 17, 2010.  (Doc. 1 at 14-15, 18-20.)  On December 23,

24   2010, Plaintiff served Chuck Kimble, Helene Kimble, and Does 1 through 5 (collectively,

25   "Defendants") with "a written notice requiring [them] to vacate and deliver up possession of the

26   Property to plaintiff within 3 days after service of said notice," but they failed to do so and remain in

27   possession.  (*Id*. at 15, 21-23.)  On January 7, 2011, Plaintiff sued Defendants for unlawful detainer.

28   (*Id*. at 14.)  In the unlawful detainer action, Plaintiff sought "restitution and possession of the

                                              1

property," "damages in the amount of $30.00 per day from December 27, 2010, and for each day that defendants continue in possession of the Property through the date of entry of judgment," and " costs for such other and further relief as the court may deem just and proper." (*Id*. at 16.)  Notably, on the caption of the complaint, Plaintiff asserted the "amount demanded does not exceed $10,000." (*Id*. at 14.)

In January 2011, Defendants filed a demurrer to the complaint for unlawful detainer based upon an allegedly "inappropriate and defective" Notice to Occupants to Vacate Premises.  (*Id*. at 5-11.)  The Superior Court for the County of Kern overruled the demurrer.  (*Id*. at 3.)  On April 14, 2011, Defendants filed a notice of removal to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, arguing "[f]ederal question jurisdiction exists because Defendants' demurrer, a pleading, depends on the determination of Defendants' rights and Plaintiff's duties under federal law." (*Id*. at 1-3.)

## II.  Removal to the Federal District Court

Title 28, § 1441 of the United States Code permits a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  A defendant asserting removal pursuant to 28 U.S.C. § 1441 has the burden of establishing removal is proper.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).  In order to meet this burden, a defendant asserting federal question jurisdiction must show the civil action arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

The removal statutes are strictly construed against removal jurisdiction, *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988) (citing *Takeda v. Northwestern Nat'l Life Insurance Co.*, 765 F.2d 815, 818 (9th Cir. 1985)), and if the right of removal is doubtful, federal jurisdiction must be rejected, *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  In addition, if the district court lacks subject matter jurisdiction over a removed case, the case must be remanded to state court.  28 U.S.C. § 1447(c); *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of the State of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

**III.  Discussion**

Defendants assert subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 because "the Notice to Occupants to Vacate Premises[] failed to comply with The Protecting Tenants at Foreclosure Act [12 U.S.C. § 5220]."  (Doc. 1 at 1-2.)  However, whether federal question jurisdiction exists is subject to the well-pleaded complaint rule.  *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 12 (2003) (citing *Caterpillar Inc. V. Williams*, 482 U.S. 386, 392 (1987)).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.*

In this case, Plaintiff's Complaint is based upon a single unlawful detainer cause of action. (Doc. 1 at 14.)  Unlawful detainer actions arise under state law alone and are therefore not subject to federal jurisdiction.  *OneWest Bank FSB v. Ignacio*, 2010 U.S. Dist. LEXIS 67012, at *2-5 (E.D. Cal. July 2, 2010); *Wescom Credit Union v. Dudley*, 2010 U.S. Dist. LEXIS 130517, at *5 (C.D. Cal. Nov. 22, 2010) (citing *Indymac Fed. Bank, F.S.B. v. Ocampo, No. 09-2337*, 2010 U.S. Dist. LEXIS 8421, at *2 (C.D. Cal. Jan. 13, 2010)).  Although Defendants' claim that Plaintiff failed to comply with the Protecting Tenants at Foreclosure Act may be raised as a defense in this unlawful detainer action, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983)).  Consequently, Defendants' argument that federal jurisdiction is present based upon Plaintiff's failure to comply with the Protecting Tenants at Foreclosure Act fails to establish jurisdiction.

**IV.  Findings and Recommendation**

Because the Court lacks subject matter jurisdiction over this case, the Court hereby **RECOMMENDS**:

1.   The motion to remand the matter be **GRANTED**;

2.   The matter be **REMANDED** th the Kern County Superior Court; and

3.   Because the order remanding this matter to state court concludes this case, the Clerk of the Court is ordered to close this matter.

1    These Findings and Recommendations are submitted to the United States District Judge

2  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the

3  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

4  fourteen days after being served with a copy, any party may file written objections with the Court and

5  serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's

6  Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant

7  to 28 U.S.C. § 636(b)(1)(c).  The parties are advised that failure to file objections within the

8  specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d

9  1153 (9th Cir. 1991).

10

11 IT IS SO ORDERED.

12 Dated:   **June 6, 2011**                                  **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE

4